PER CURIAM.
This is an appeal from a final order of the Public Employees Relations Commission (PERC). Appellant, Florida Association of State Troopers, Inc. (FAST), sought authorization for a collective bargaining unit to represent captains and lieutenants in the Florida Highway Patrol (FHP). PERC dismissed the petition. On appeal, FAST argues that PERC’s action has deprived FHP captains and lieutenants of their Florida constitutional right to engage in collective bargaining.
PERC explained its ruling as follows:
Absent an overriding conflict of interest, employees with similar duties and work interests comprise an appropriate bargaining unit. FAST has provided no compelling reason to justify carving out a unit of FHP Lieutenants and Captains from a more comprehensive unit composed of those supervisory classifications statewide. To do so would contravene legislative intent regarding the fashioning of appropriate bargaining units, and the Commission’s rule regarding bargaining unit overfrag-mentation. See § 447.307(4), Fla. Stat. (1993); Fla. Admin. Code Rule 38D-17.022. The record in this case does not permit us to define the overly narrow unit sought and thus expose the State to the possibility of bargaining with more than one unit of employees who share the same classifications, duties, and interests.
[[Image here]]
Absent a conflict of interest, the justification for creation of a separate unit of FHP Lieutenants and Captains rests solely upon the fact that several elements of their employment are unique. However, all share more fundamental interests in wages, hours, and other terms and conditions of employment attendant to the law enforcement duties they perform. To define the fragmented unit proposed would be inconsistent with the Commission’s prior rulings to include all employees who share a community of interest into the same statewide unit, regardless of the agency in which they are employed. See generally Communications Workers of America v. City of Tallahassee, 16 FPER ¶ 21374 at 690-91 (1990) (policy consideration against over-fragmentation in deciding not to create departmental or positional bargaining units in the public sector).
In reaching our decision, we recognize that members of the proposed unit have not had an opportunity to collectively bargain in the past. However, our decision does not preclude FAST or any other employee organization from filing a petition seeking an appropriate unit of all Lieutenants and Captains statewide. These employees are not disfranchised from bargaining simply because a unit *922 broader in scope than that sought by FAST is necessary to prevent overfrag-mentation. Id. at 690 (the absence of previous efforts to represent a group of employees within the context of a larger bargaining unit does not make an inappropriately fragmented unit more appropriate.)
As the quoted portion of the order demonstrates, FHP captains and lieutenants are not disenfranchised from bargaining by virtue of the PERC order. Moreover, PERC’s finding of overfragmentation is not an abuse of discretion.
AFFIRMED.
ERVIN, KAHN, and BENTON, JJ., concur.